UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS K. BOUFFIOU,

    Plaintiff,

    v.

CITY OF POULSBO, et al.,

    Defendants.

Case No. C05-5718RJB

ORDER GRANTING
DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendants' Motion for Summary Judgment (Dkt. 18). The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## I. BACKGROUND

On November 3, 2005, plaintiff Dennis K. Bouffiou filed suit in federal district court asserting the following claims: (1) retaliation in violation of the First and Fourteenth Amendments, (2) deprivation of property rights in employment in violation of the Fifth and Fourteenth Amendments, (3) retaliation in violation Title VII, (4) hostile work environment in violation of Title VII, and (5) intentional infliction of emotional distress. Dkt. 1. The defendants now move for summary judgment on all claims.

ORDER
Page 1

## II. DISCUSSION

**A. SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in

affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B. STATUTE OF LIMITATIONS**

The defendants contend that Mr. Bouffiou's claims are based in part upon incidents that occurred outside of the statute of limitations. Dkt. 18 at 21. Mr. Bouffiou fails to explain why events occurring outside of the statute of limitations should nevertheless be considered by the Court and disputes only the date upon which his complaint was filed. Dkt. 25 at 11.

In support of his response, Mr. Bouffiou submitted a document indicating that his Human Rights/EEOC complaint was received on August 24, 2004. *See* Dkt. 23-2, Exh. C at 29. He offers no authority for the proposition that his activities before that date toll the relevant statutes of limitation. The Court should therefore refuse to consider activities occurring more than three years before the complaint was filed in this case as foundation for Mr. Bouffiou's outrage and Section 1983 claims. *See Joshua v. Newell*, 871 F.2d 884 (9th Cir. 1989) ("In 'considering § 1983 claims [we] should borrow the general or residual statute for personal injury actions.' In Washington, that would be three years."); *Doe v. Finch*, 133 Wn.2d 96, 101 (1997) ("There appears to be some disagreement in this state whether outrage claims are governed by the three-year statute of limitation."). In addition, the Court should hold that events occurring more than 300 days before Mr. Bouffiou's EEOC complaint was filed may not be considered a foundation of his Title VII claims. *See* 42 U.S.C. §2000e-5 (e)(1) ("in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency . . . such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred"). If any such earlier events are considered at all by the Court, it would only be as background information and not as a basis for any claims.

**C. RETALIATION FOR FIRST AMENDMENT ACTIVITIES**

ORDER
Page 3

The defendants contend that summary judgment on the plaintiff's First Amendment claims is proper because Mr. Bouffiou's speech concerned internal employment matters and because he fails to demonstrate that his speech was a substantial factor behind an adverse employment action. Dkt. 18 at 26-27. Mr. Bouffiou responds that his speech concerned the allegedly illegal activity of elected officials and was of public concern. Dkt. 25 at 13.

In order to state a claim against a government employer for violation of the First Amendment, the employee must demonstrate that she spoke as a citizen and that her speech addressed "a matter of legitimate public concern." *Garcetti v. Ceballos*, 126 S.Ct. 1951 (2006); *Pickering v. Bd. of Educ.*, 391 U.S. 563, 571 (1968). Speech is a matter of public concern if it raises 'issues about which information is needed or appropriate to enable the members of society to make informed decisions about the operation of their government." *McKinley v. City of Eloy*, 705 F.2d 1110, 1114 (9th Cir.1983). Internal speech that deals with "individual personnel disputes and grievances" and that would be of "no relevance to the public's evaluation of the performance of governmental agencies" is generally not of "public concern." *Id.* Here, Mr. Bouffiou's speech was comprised of complaints about his employment and was not of public concern. The defendants' motion should be granted in this respect.

**D. FIFTH AMENDMENT**

The defendants contend that summary judgment on Mr. Bouffiou's claims arising under the Fifth Amendment should be granted because the plaintiff fails to allege federal action. Dkt. 18 at 23. Mr. Bouffiou fails to respond to this contention.

The Fifth Amendment to the Constitution applies only to the federal government. *Geneva Towers Tenants Organization v. Federated Mortgage*, 504 F.2d 483, 487 (9th Cir. 1974). Mr. Bouffiou fails to allege federal action, and summary judgment on this claim is warranted.

**E. FOURTEENTH AMENDMENT DEPRIVATION OF PROPERTY**

The defendants move for summary judgment on Mr. Bouffiou's claim that he was deprived of property without due process of law in violation of the Fourteenth Amendment on the grounds that Mr. Bouffiou was an at-will employee with no entitlement to, or property interest in, continued employment. Dkt. 18 at 23.

A government employee has a constitutionally protected property interest in continued employment when the employee has a legitimate claim of entitlement to the job. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). Laws, rules, or understandings derived from independent sources, such as state law, create such claims of entitlement. *Id.* A mere expectation that employment will continue does not create a property interest. *Id.* If under state law, employment is at-will, then the claimant has no property interest in the job. *Id.* Here, Mr. Bouffiou concedes that his employment was at-will, and the motion should be granted in this respect.

**F. TITLE VII RETALIATION**

The defendants contend that Mr. Bouffiou fails to state a prima facie case of retaliation under Title VII, that there was no adverse employment action, and that there is no causal connection between any adverse employment actions and alleged protected activity. Dkt. 18 at 32-34. The defendants offer several nondiscriminatory reasons for their actions with respect to Mr. Bouffiou. *Id.* at 34.

Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment and empowers employees to make claims against employers for discrimination. Title VII provides that "it shall be an unlawful employment practice for an employer to . . . discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1) (2000). A prima facie case of retaliation requires evidence that (1) the employee engaged in a protected activity; (2) the employer subjected the employee to an

ORDER
Page 5

adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). If the plaintiff succeeds in establishing a prima facie case, the burden of production shifts to the defendant to offer a legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the employer succeeds in doing so, the plaintiff bears the burden of persuasion and must demonstrate that the proffered reason is prextext for discrimination. *See id.* at 804. Here, the plaintiff fails to allege facts demonstrating a causal connection between Mr. Bouffiou's complaint and his termination. The motion should therefore be granted.

**G. TITLE VII HOSTILE WORK ENVIRONMENT**

The defendants move for summary judgment on Mr. Bouffiou's Title VII hostile work environment claim, and Mr. Bouffiou fails to respond. The motion should be granted in this respect.

**H. OUTRAGE**

The defendants contend that summary judgment on Mr. Bouffiou's outrage claim is proper because the complaint filed with the City of Poulsbo did not include a claim for outrage and because Mr. Bouffiou fails to meet the elements required of an outrage claim. Dkt. 18 at 22, 35. Mr. Bouffiou fails to respond to these contentions. *See* Dkt. 25.

Outrage requires proof of three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress. *Kloepfel v. Bokor*, 149 Wn.2d 192, 195 (2003). The plaintiff fails to allege any facts that demonstrate the outrageousness and severity necessary to support a claim of outrage, and the motion should be granted in this respect.

**I. QUALIFIED IMMUNITY**

ORDER
Page 6

Government officials who are sued in their official capacity have qualified immunity from suit under Section 1983 absent evidence of incompetence or knowing violation of the law. *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). This rule shields government officials from suit in order to afford relief to plaintiffs without unduly hindering officials' performance of their governmental duties. *Id.* Qualified immunity is not merely a defense to liability; it is an entitlement to immunity from suit in the first place. *Devereaux v. Perez*, 218 F.3d 1045, 1052 (9th Cir. 2000), *reh'g en banc*, *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001).

The defense of qualified immunity has three steps. First, there must be a violation of a constitutional right. *Saucier*, 533 U.S. at 201. At this stage, the facts are viewed in the light most favorable to the injured party. *Id.* Absent such a violation, there is no need to pursue the remaining qualified immunity analysis. *Id.* Second, the right must be so clearly established that a reasonable officer would be on notice of its existence and parameters. *Id.* at 199; *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991). This burden rests with the plaintiff. *Romero*, 931 F.2d at 627. Third, the officer must demonstrate that a reasonable officer could have believed the conduct was lawful. *Id.* Qualified immunity is "designed to spare a defendant not only of unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit." *Devereaux*, 218 F.3d at 1052.

To the extent that Ms. Lien and Mayor Bruce are sued in their official capacities, the Court should hold that they are entitled to qualified immunity because the plaintiff fails to establish a constitutional violation.

**J. MOTION TO STRIKE**

In their reply, the defendants move to strike portions of Mr. Bouffiou's declaration. Having determined that summary judgment is proper, the Court should deny the motion as moot.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment (Dkt. 18) is **GRANTED**, and this case is **DISMISSED**. The motion to strike (Dkt. 26) is **DENIED AS MOOT**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this the 31st day of October, 2006.

/s/ Robert J. Bryan
Robert J. Bryan
United States District Judge

ORDER
Page 8